IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN ANTHONY HOLMES,  )
　)
　　Petitioner,  )
　)
v.  )　　Civil Action No. 3:12CV675–HEH
　)
B. WRIGHT,  )
　)
　　Respondent.  )

## MEMORANDUM OPINION
(Granting Respondent's Motion to Dismiss)

John Anthony Holmes, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his 2009 convictions in the Circuit Court of the City of Suffolk, Virginia ("Circuit Court") for three counts of child neglect and five counts of aggravated sexual battery.

| | |
|---|---|
| Claim One | Holmes received ineffective assistance from counsel because counsel failed to move to dismiss the Indictments for aggravated sexual battery on the grounds that they were not returned "a true bill" and the foreman of the grand jury failed to sign the Indictments. (Br. Supp. § 2254 Pet. (ECF No. 2) 3.)[1] |
| Claim Two | Holmes received ineffective assistance from counsel because counsel failed to move to dismiss the Indictments on the grounds that they violated the Double Jeopardy Clause[2] and "charged the same exact crime 18.2–67.3 during the same exact time frame." (*Id.* at 5 (punctuation corrected).) |

---

[1] The Court has corrected the capitalization in the quotations to Holmes's submissions.

[2] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

| | |
|---|---|
| Claim Three | Holmes received ineffective assistance when counsel failed to move for the trial judge to recuse himself. (*Id.* at 6.) |
| Claim Four | Holmes received ineffective assistance from counsel because counsel failed to move to dismiss the Indictments charging child abuse on the grounds that they were not returned "a true bill" and the foreman of the grand jury failed to sign the Indictments. (*Id.* at 7.) |
| Claim Five | Holmes received ineffective assistance when counsel failed to move to dismiss the three Indictments charging felony child neglect because Holmes was arraigned on three misdemeanors and thus had no notice such crimes were felonies. (*Id.* at 8.) |
| Claim Six | Holmes received ineffective assistance on appeal because appellate counsel only raised two frivolous issues. (*Id.* at 10.) |
| Claim Seven | Counsel failed to assert on appeal that "the petitioner has been convicted on statute 18.2–371(1)(A) Class1 Misdemeanor, then sentenced on another statute 18.2–371.1 Class 4 felony." (*Id.* at 11.) |

Respondent moves to dismiss the § 2254 Petition on the grounds that Holmes's claims lack merit.[3] Respondent provided Holmes with appropriate *Roseboro* notice.[4] (ECF No. 15.) Holmes has not responded. The matter is ripe for disposition.

## I. THE APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective

---

[3] Respondent concedes that Holmes has properly exhausted his state court remedies with respect to each of his claims. (Br. Supp. Mot. Dismiss 2.)

[4] *See Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975).

2

Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court emphasizes that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).[5]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within

---

[5] In light of the foregoing statutory structure, the Supreme Court of Virginia's resolution of Holmes's claims figures prominently in this Court's opinion.

3

the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claims One and Four, Holmes complains that counsel should have challenged the Indictments for aggravated sexual battery and child abuse on the grounds that they failed to comply with Virginia Supreme Court Rules 3A:5(c)[6] and 3A:6(d)[7] in that they were not returned "a true bill" and were not signed by the foreman of the grand jury. As explained by the Supreme Court of Virginia these claims lack factual merit:

> The record, including the grand jury indictments, demonstrates that the indictments were returned "a true bill" and were signed by the foreman. Counsel is not ineffective for failing to file a frivolous motion. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

---

[6] "**(c) Finding and Return of Indictment.** The indictment shall be endorsed 'A True Bill' or 'Not a True Bill' and signed by the foreman. The indictment shall be returned by the grand jury in open court." Va. Sup. Ct. R. 3A:5(c).

[7] "**(d) Form.** The indictment or information need not contain a formal commencement or conclusion. The return of an indictment shall be signed by the foreman of the grand jury, and the information shall be signed by the Commonwealth's attorney." Va. Sup. Ct. R. 3A:6(d).

4

*Holmes v. Dir. of the Dep't of Corr.* ("*State Habeas Op.*"), No. 120262, at 1–2 (Va. Aug. 22, 2012). Accordingly, Claims One and Four will be dismissed because Holmes fails to demonstrate deficiency or prejudice.

In Claim Two, Holmes contends that he was denied the effective assistance of counsel because counsel failed to move to dismiss the five indictments charging aggravated sexual battery on double jeopardy grounds. The Supreme Court of Virginia aptly explained the lack of merit to this claim as follows:

> Petitioner fails to articulate a valid legal basis upon which counsel could have moved to dismiss the indictments on double jeopardy grounds. The record, including the indictments and the trial transcripts, demonstrates that petitioner was charged with committing five counts of aggravated sexual battery during a period from January 1, 2008, until December 31, 2008. The evidence proved petitioner committed five separate acts on different dates during this time period. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

*Id.* at 2. Because Holmes fails to demonstrate deficiency or prejudice, Claim Two will be dismissed.

In Claim Three, Holmes contends that counsel should have moved that the trial judge recuse himself because he "intervened in [the] Commonwealth's defense" and "told the Commonwealth[ ] what case law to use." (Br. Supp. § 2254 Pet. 6.)[8] Holmes fails to demonstrate any deficiency or prejudice by counsel.

> Petitioner fails to articulate a valid legal basis upon which counsel could have reasonably objected to the trial court's comments. A trial judge's expression of the legal basis for his ruling is not a per se demonstration of

---

[8] In his Brief in Support of his § 2254 Petition, Holmes cites the Court to a portion of a pretrial hearing wherein the Circuit Court simply provided the name of the United States Supreme Court case the prosecutor was describing in his argument. (Oct. 28, 2009 Tr. at 43.)

> bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, petitioner has proffered no evidence to show the judge was biased against him. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

*State Habeas Op.* at 3. Accordingly, Claim Three will be dismissed.

In Claim Five, Holmes contends that he received ineffective assistance when counsel failed to move to dismiss the three Indictments charging felony child neglect because Holmes was arraigned on three misdemeanors and thus had no notice such crimes were felonies. This claim lacks merit as Holmes was never charged with or convicted of misdemeanor child neglect. *State Habeas Op.* at 5.

> The record, including the indictments, trial orders, and trial transcripts, demonstrates that no error occurred during the arraignment. The petitioner was originally charged with eleven indictments: five counts of aggravated sexual battery under Code § 18.2–67.3, three counts of felony child neglect with reckless disregard for life under Code § 18.2–371.1(B) and three counts of felony child neglect with serious injury under Code § 18.2–371.1(A). Counsel moved to strike the evidence, which the court granted as to the three indictments charging felony child neglect with serious injury under Code § 18.2–371.1(A). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

*Id.* at 4. Claim Five will be dismissed.

In Claims Six and Seven, Holmes complains about the conduct of appellate counsel. Specifically, in Claim Six, Holmes faults appellate counsel for raising two allegedly frivolous issues on appeal. In Claim Seven, Holmes faults counsel for failing to raise the alleged error with respect to the child neglect charges described in Claim Five. "Counsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can

hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Jones v. Barnes*, 463 U.S. 745, 752 (1983)). "Appellate counsel . . . enjoys a presumption that he decided which issues were most likely to afford relief on appeal, a presumption that a defendant can rebut only when ignored issues are clearly stronger than those presented." *United States v. Baker*, 719 F.3d 313, 318 (4th Cir. 2013) (citations omitted) (internal quotation marks omitted). Holmes fails to overcome this presumption. As the Supreme Court of Virginia observed, the claim Holmes contends counsel should have raised was "clearly frivolous." *State Habeas Op.* at 5. Claims Six and Seven will be dismissed.

## III. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 12) will be granted. The § 2254 Petition will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Holmes fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate order will accompany this Memorandum Opinion.

                                                /s/
                               HENRY E. HUDSON
                               UNITED STATES DISTRICT JUDGE

Date: Oct. 4, 2013
Richmond, Virginia